# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AWALNET TECHNOLOGY,

    Plaintiff,

v.

EB WIRELESS, INC., EDWARD
A. BAJOKA, and RODNEY MORET,

    Defendants.

_____/

Case No. 17-13411

HON. DENISE PAGE HOOD

## ORDER GRANTING DEFENDANT EDWARD A. BAJOKA'S
## MOTION TO DISMISS CONVERSION CLAIMS [#8]

**I. INTRODUCTION**

On October 19, 2017, Plaintiff filed a five-count complaint against the Defendants, alleging: (a) breach of contract (Count I); (b) unjust enrichment (Count II); (c) pierce the corporate veil (Count III); (d) statutory conversion (Count IV); and (e) common-law conversion (Count V). Only the latter three counts were filed against Defendant Edward A. Bajoka ("Bajoka"). Bajoka has filed a Motion to Dismiss Plaintiff's conversion claims (Counts IV and V) pursuant to Rule 12(b)(6), and the Motion has been fully briefed. The Court has scheduled a hearing on the Motion for February 14, 2018. For the reasons that follow, the Court grants Bajoka's Motion to Dismiss Counts IV and V.

## II. BACKGROUND

This case stems from an agreement between Plaintiff and Defendant EB Wireless, Inc. ("EB"). On March 11, 2017, Plaintiff EB entered into an agreement, pursuant to which Plaintiff would pay $110,550.00 to EB, and EB would ship to Plaintiff's place of business 8,844 used LG L22C TracPhone A/B stock, with no cracked lenses and including the battery and back door ("Products"). *See* Dkt. No. 1, Ex. 1 (Invoice). Plaintiff paid $110,550.00 to EB, but EB did not provide the Products. Bajoka was the incorporator for EB, as well as the President.

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Analysis**

Bajoka seeks to dismiss Plaintiff's conversion claims (Counts IV and V) because Plaintiff's allegations are based solely on the agreement and do not identify any legal duty owed by Bajoka (or the other Defendants) that is separate and distinct from the contractual obligations of EB under the agreement. Bajoka notes that Plaintiff attached to its complaint the invoice identifying the Products and the purchase price of $110,550.00. Bajoka relies on Plaintiff's: (a) claim for damages, which Plaintiff states stem from losses incurred "under the terms of the agreement for the conversion," *see* Dkt. No. 1, ¶¶ 61.a., 69.a.; and (b) allegations that the only property Bajoka (and the other Defendants) converted was the funds EB received for the cell phones to be provided.

As Bajoka argues, a breach of a contractual obligation cannot support an action in tort (such as statutory conversion and common law conversion)[1] absent the "violation of a legal duty separate and distinct from the contractual obligation."

---

[1] *See Aroma Wines & Equip., Inc. v. Columbian Distr. Servs., Inc.*, 497 Mich. 337 (2015).

*Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 83 (1997). *See also Sherman v. Sea Ray Boats*, 251 Mich.App. 41, 52 (2002) ("Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established"); *Brewster v. Martin Marietta Alum. Sales, Inc.*, 145 Mich.App. 641, 666-67 (1985) (when a plaintiff's cause of action arises from a breach of contractual obligation, the appropriate claim lies in contract, not in tort, because "[a] relationship did not exist . . . which would give rise to a legal duty without the enforcement of the contract promise itself"); *Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F.Supp.2d 811, 816 (E.D. Mich. 2008); *Spizizen v. Nat'l City Corp.*, 2009 WL 3757085, at *5 (E.D. Mich. 2009).

A review of Plaintiff's complaint reveals no allegations that any Defendant owed Plaintiff a legal duty, other than the duties pursuant to the agreement. Plaintiff does not respond to Defendant's argument that Plaintiff failed to allege any legal duty owed by Bajoka or any other Defendant separate and distinct from the contractual obligations of EB. And, Plaintiff has not disputed that a conversion claim is not viable if that claim relies solely on a breach of contractual obligation.

Plaintiff instead argues that Bajoka has not acknowledged that there was a contract, though Bajoka's briefs make clear that he accepts as true for purposes of the

Motion (as does the Court) that there was a contract. Plaintiff suggests that Bajoka relies on evidence outside of the complaint, but this is not accurate. Bajoka's argument is based only on the allegations in complaint and the invoice attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff contends that the Court's consideration of the Motion should focus on a recent case in this district, *XXX Int'l Amusements, Inc. v. SE Visuals, LLC*, No. 17-11778 (Berg, J.). In *XXX*, the court did not dismiss a conversion claim, even though there was also a breach of contract claim, stating in part that:

> Finally, Plaintiff's Complaint also states a valid conversion claim against Defendants. The thrust of this claim is that Plaintiff owns the peep show booths, and that Defendants unlawfully kept, altered or destroyed them. "Conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation. Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion." *WESI, LLC v. Compass Envtl., Inc.*, 509 F. Supp. 2d 1353, 1361 (N.D. Ga. 2007) (internal citation omitted); *see also Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391, 486 N.W.2d 600 (1992).

*XXX*, No. 17-11778, Dkt. No. 11, at *6 (E.D. Mich., Sept. 5, 2017). Plaintiff does not explain why *XXX* is relevant to this matter, and it appears only that it is an example of a case where a conversion claim survived a motion to dismiss where there also was

5

a breach of contract claim.

Defendant argues that *XXX* is not applicable to the instant matter, and the Court rejects Plaintiff's suggestion that, because Plaintiff pled claims in the alternative, the conversion claim is not dependent on the contract claim. In *XXX*, the defendant relied on outside evidence in moving for dismissal and argued that there was no enforceable contract, which meant that an alternative cause of action – one not based in contract – was viable. Significantly, the *XXX* court's analysis was focused on whether an unjust enrichment claim (a quasi-contractual claim) was viable *vis a vis* the existence of the breach of contract claim. The conversion claim in *XXX*, unlike the conversion claims in this case, was not related to the breach of contract claim. The *XXX* conversion claim was related to other property that the defendant kept (peep show booths belonging to the plaintiff) – not money being exchanged pursuant to the agreement.

Plaintiff also suggests that it can amend the complaint to conform to the proofs of discovery, as permitted by Rule 15(a)(2) (providing leave to amend should be freely granted when justice so requires). Although Plaintiff has pled the conversion claim in the alternative, Plaintiff has not cited any authority that provides that the conversion claim can rely on a breach of contractual obligations rather than alleging that there was breach of a separate and distinct legal duty – nor does Plaintiff propose

that it will be able to do so. Unless Plaintiff represents that there was some legal duty – aside from the agreement – that Bajoka (and/or the other Defendants) owed Plaintiff, any amendment would be futile.

For the reasons set forth above, the Court holds that Plaintiff has failed to state a claim for statutory or common law conversion and grant Bajoka's Motion to Dismiss Counts IV and V of Plaintiff's complaint.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court GRANTS Bajoka's Motion to Dismiss Conversion Claims [#8] and DISMISSES Courts IV and V against Bajoka.

IT IS ORDERED.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2018, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager