**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AWALNET TECHNOLOGY,

    Plaintiff,

v.

EB WIRELESS, INC., EDWARD
A. BAJOKA, and RODNEY MORET,

    Defendants.

_____/

Case No. 17-13411

HON. DENISE PAGE HOOD

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT [#19]**

**I.    INTRODUCTION**

On October 19, 2017, Plaintiff filed a five-count complaint against Defendants EB Wireless, Inc. ("EB Wireless"), Edward A. Bajoka ("Bajoka"), and Rodney Moret[1] (hereinafter, "Rojas"), alleging: (a) breach of contract (Count I); (b) unjust enrichment (Count II); (c) piercing the corporate veil as to EB Wireless (Count III); (d) statutory conversion (Count IV); and (e) common-law conversion (Count V). Bajoka filed a Motion to Dismiss Plaintiff's conversion claims (Counts IV and V) pursuant to Rule 12(b)(6), which the Court recently granted.

---

[1] Defendant Rodney Moret is also known as Rodney Moret Rojas and his father, who also goes by Rodney Moret, is also known as Rodney Moret Quezada. For purposes of this Order, the Court shall refer to Defendant Rodney Moret as "Rojas" and his father as "Quezada."

On March 26, 2018, Plaintiff filed a Motion to File First Amended Complaint [Dkt. No. 19] to: (1) add EB Cellular Wholesale, LLC ("EB Cellular") as a party-Defendant; (2) add a count of unjust enrichment as to EB Cellular; (3) clarify the conversion counts as to Bajoka, as he now claims he is not a shareholder in EB Wireless, but the funds were placed in an account of another company he is a member, and he withdrew funds from that account; (4) clarify the conversions counts as to Moret, as the funds were not placed in an EB Wireless account, but in another account of a company he is a member, and he withdrew funds from that account; and (5) add a count of piercing the corporate veil as to EB Cellular. All Defendants have responded to the Motion to File First Amended Complaint, and Plaintiff has filed a reply.

For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion to File First Amended Complaint.

## II. BACKGROUND

This case stems from an agreement between Plaintiff and EB Wireless. At some point prior to December 2016, EB Wireless was owned by Moret and Bajoka. Bajoka was the incorporator for EB Wireless, as well as the President, but he "disassociated with EB Wireless" in December 2016, at which time Moret became the sole owner and officer of EB Wireless. On March 11, 2017, Plaintiff and EB Wireless

2

entered into an agreement, pursuant to which Plaintiff would pay $110,550.00 to EB Wireless, and EB Wireless would ship to Plaintiff's place of business 8,844 used LG L22C TracPhone A/B stock, with no cracked lenses and including the battery and back door ("Products"). Plaintiff paid a total of $110,550.00 to EB Wireless in two payments ($49,500.00 on March 16, 2017 and $61,050.00 on March 20, 2017), but EB Wireless did not provide the Products to Plaintiff.

The $110,550.00 paid by Plaintiff to EB Wireless was deposited into a Comerica Bank account, Number xxx3324, which was held by EB Cellular, not EB Wireless (the "EB Cellular Account"). Bajoka was the organizer and resident agent for EB Cellular, a company with the same address as EB Wireless. Plaintiff alleges that Bajoka and Moret withdrew funds from the EB Cellular Account, as follows: (1) Bajoka withdrew $15,000.00 on April 19, 2017; and (2) Moret withdrew $13,000.00 on April 3, 2017, $5,000.00 on April 5, 2017, $12,500.00 on April 11, 2017, $10,400.00 on April 12, 2017, and $35,000.00 on July 6, 2017.

Bajoka represented Moret's father, also named Rodney Moret (hereinafter "Quezada"), in a criminal matter. In its Motion to File First Amended Complaint, Plaintiff details Quezada's convictions pursuant to guilty pleas for criminal sexual conduct, health care fraud and distributing controlled substances, including being ordered to pay $2,581,128.53 in restitution to the Medicare Trust fund. Plaintiff

alleges that Quezada transferred $282,000 from a bank in the Dominican Republic – Banco Popular Dominicano Account Number xxx2434 ("Account No. 2434") – to the EB Cellular Account in the course of five transactions between November 15, 2016 and February 17, 2017, a period of time when Moret and Bajoka allegedly were withdrawing funds from the EB Cellular Account for their own purposes.

Plaintiff's proposed First Amended Complaint adds a new party (EB Cellular) and claims against EB Cellular, as well as new and amended allegations regarding the conversion claims against Bajoka. Specifically, the proposed First Amended Complaint includes the following claims: (1) Breach of Contract (Count I); (2) Unjust Enrichment as to EB Wireless (Count II); (3) Unjust Enrichment as to EB Cellular (Count III); (4) Pierce the Corporate Veil as to EB Wireless (Count IV); (5) Pierce the Corporate Veil as to EB Cellular (Count V); (6) Statutory Conversion (Count VI); and (7) Common Law Conversion (Count VII).

### III. APPLICABLE LAW & ANALYSIS

#### A. Motion to File First Amended Complaint

All Defendants agree that Plaintiff's Complaint can be amended to add EB Cellular as a party. Defendants also do not object to Plaintiff's request to add an unjust enrichment count and a piercing the corporate veil count against EB Cellular. The Court grants Plaintiff's Motion to File First Amended Complaint with respect to

adding EB Cellular as a party and adding the unjust enrichment and piercing the corporate veil counts against EB Cellular.

Defendants assert that Plaintiff's proposed amendments regarding the statutory and common law conversion claims against Bajoka should be denied because many of the facts are irrelevant, scandalous, harassing, and serve no purpose other than to tarnish Bajoka's reputation as an attorney (specifically, those relating to Quezada). Defendants argue that Plaintiff's "reckless allegations . . . improperly insinuate that . . . Bajoka either wrongfully transferred money to the EB Cellular Account paid to . . . Bajoka by [Quezada] for legal services on behalf of [Quezada]; or even worse, . . . that . . . Bajoka aided [Quezada] in hiding money from the U.S. Government that should have been paid as restitution for [Quezada's] criminal convictions." Defendants contend that Plaintiff has failed to establish a causal link between Bajoka's representations of Quezada, the order to pay restitution, and deposits from Moret's account to the EB Cellular Account.

Defendants assert that the allegations that Quezada deposited funds in the EB Cellular account are misplaced because Plaintiff failed to conduct a proper inquiry that would have revealed that "Sr. Rodney Moret" does not refer to Quezada. According to Defendants, "Sr. Rodney Moret" is Spanish (the primary language spoken in the Dominican Republic) and means "Senor Rodney Moret" and referes to Moret, not

5

Quezada. In support of their argument that Plaintiff was making bad faith allegations, Defendants cite numerous statements by Plaintiff's owner (collectively, "Plaintiff's statements regarding reputation"):

A. "Today i sent to you my guy to your office in Michigan," "And he will comes next Monday to your office to meet you," (message accompanied by a photograph of Mr. Bajoka's business card).

B. "You don't care about your Reputation? It's Your Most Valuable Asset."

C. I swear to god [. . .] We are going to posting about Edward bajoka and Bajoka Law Group [. . .] And your reputation I will spoil it in everywhere [. . .] I Will send to All email addresses And I will posting and share in.

   -Facebook pages
   -Linkendin groups
   -Linkedin Friends and more 1191 followers
   -Twitter pages @bajokalaw @eddiebajoka -Bajokalaw.Blogspot.com

   [. . .]

   To : Chief Justice [. . .]
   And i will not stop and i will showing to all the people in USA [. . .] And If we don't receive response during one week, that's mean you don't care about your reputation I swear I will spoil it in everywhere [. . .] I am telling you solve it amicably. We don't spoil your reputation and your business.

[Dkt. No. 21, Ex. 2 (WhatsApp Correspondence), Ex. 3 (WhatsApp Correspondence), and Ex. 4 (Text Messages)] Defendants believe the Plaintiff's statements regarding reputation constituted threats to Bajoka's safety and professional reputation if

6

Defendants did not resolve this matter to Plaintiff's satisfaction.

Plaintiff argues that EB Cellular was used as a sham for Bajoka and Moret, particularly as Defendants have not explained why Quezada (Plaintiff asserts that "Sr. Rodney Moret" is Quezada) deposited funds in the EB Cellular Account. Plaintiff contends that Defendants' statements that Moret deposited funds into the EB Cellular Account are misleading. Plaintiff acknowledges that Moret may have deposited some funds from a Banco Popular Domincano account into the EB Cellular Account, but Plaintiff contends such funds were not from Account No. xxx 2434, the origin of the $282,000.00 in deposits about which Plaintiff bases his allegations in the proposed First Amended Complaint.

Plaintiff further argues that Bajoka (or any Defendant) could have provided documentation regarding Banco Popular Dominicano accounts held by Moret, as Plaintiff requested. Plaintiff asserts that Moret has refused to produce his bank records from Banco Popular Dominicano and instead prepared an affidavit dated June 2, 2018. [Dkt. No. 21, Ex. 6] Plaintiff notes that Moret's June 2, 2018 affidavit: (a) does not include a representation that the $282,000.00 in funds was from Moret (rather than from Quezada); and (b) none of the Defendants makes such a representation in any brief filed with respect to the Motion to File First Amended Complaint or the Motion for Rule 11 Sanctions.

Under common law, conversion is "'any distinct act of dominion wrongfully exerted over <u>another's personal property</u> in denial of or inconsistent with his rights therein.'" *Aroma Wines & Equip, Inc. v. Columbian Distribution Servs., Inc.*, 497 Mich. 337, 346, 871 N.W.2d 136, 141 (2015) (emphasis added) (quoting *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960)(quoting *Nelson & Witt v. Texas Co.*, 256 Mich. 65, 70 (1931)). With respect to statutory conversion, the *Aroma Wines* court stated: "we agree with the Court of Appeals that someone alleging conversion [of another person's property] to the defendant's 'own use' under MCL 600.2919a(1)(a) must show that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines*, 497 Mich. at 359 (emphasis added).

As the Court stated when deciding the Motion to Dismiss Plaintiff's Conversion Claims:

> [A] breach of a contractual obligation cannot support an action in tort (such as statutory conversion and common law conversion)[] absent the "violation of a legal duty separate and distinct from the contractual obligation." *Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 83 (1997). *See also Sherman v. Sea Ray Boats*, 251 Mich.App. 41, 52 (2002) ("Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established"); *Brewster v. Martin Marietta Alum. Sales, Inc.*, 145 Mich.App. 641, 666-67 (1985) (when a plaintiff's cause of action arises

8

from a breach of contractual obligation, the appropriate claim lies in contract, not in tort, because "[a] relationship did not exist . . . which would give rise to a legal duty without the enforcement of the contract promise itself"); *Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F.Supp.2d 811, 816 (E.D. Mich. 2008); *Spizizen v. Nat'l City Corp.*, 2009 WL 3757085, at *5 (E.D. Mich. 2009).

As in its initial Complaint, Plaintiff fails to identify any legal duty owed by Bajoka (or the other Defendants) to Plaintiff that is separate and distinct from the contractual obligations of EB Wireless under the agreement. There is no allegation that Bajoka (or the other Defendants): (a) stole or embezzled property belonging to Plaintiff, or converted such property to his own use or converted Plaintiff's property with the knowledge that the property was stolen, embezzled or converted or that such theft has caused Plaintiff harm, *see* M.C.L. § 600.2919a; *Aroma Wines*, 497 Mich. at 361 (2015); or (b) obtained "a chattel [of Plaintiff's] pursuant to a sale, lease, pledge, gift or other transaction intending to acquire for himself or for another a proprietary interest in it," or "disposing of a chattel [of Plaintiff's] by sale, lease, pledge, gift or other transaction intending to transfer a proprietary interest in it." *Aroma Wines*, 497 Mich. at 352.

The Court denies Plaintiff's Motion to File First Amended Complaint as it relates to the statutory and common law conversion claims against Bajoka.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court GRANTS IN PART and

9

DENIES IN PART Plaintiff's Motion to File First Amended Complaint [#19].

The Court GRANTS Plaintiff leave to file a First Amended Complaint to add EB Cellular as a party, as well as to add the allegations and claims against EB Cellular. The Court DENIES Plaintiff leave to file – and ORDERS that Plaintiff shall not file – in the First Amended Complaint: (1) any conversion claims against Bajoka; or (2) any other proposed allegations against Bajoka that did not appear in the original Complaint.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager