# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AWALNET TECHNOLOGY,

    Plaintiff,

v.

EB WIRELESS, INC., et al.,

    Defendants.

_____/

Case No. 17-13411

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION FOR RULE 11 SANCTIONS [#43]

## I.    INTRODUCTION

On October 19, 2017, Plaintiff filed a five-count complaint against Defendants EB Wireless, Inc. ("EB Wireless"), Edward A. Bajoka ("Bajoka"), and Rodney Moret ("Moret") alleging: (a) breach of contract (Count I); (b) unjust enrichment (Count II); (c) piercing the corporate veil as to EB Wireless (Count III); (d) statutory conversion (Count IV); and (e) common-law conversion (Count V). Bajoka filed a Motion to Dismiss Plaintiff's conversion claims (Counts IV and V) against him pursuant to Rule 12(b)(6), which was granted.

On March 26, 2018, Plaintiff filed a Motion to File First Amended Complaint [Dkt. No. 19] to: (1) add EB Cellular Wholesale, LLC ("EB Cellular") as a party-Defendant; (2) add a count of unjust enrichment as to EB Cellular; (3) clarify

the conversion counts as to Bajoka, as he now claims he is not a shareholder in EB Wireless, but the funds were placed in an account of another company he is a member, and he withdrew funds from that account; (4) clarify the conversions counts as to Moret, as the funds were not placed in an EB Wireless account, but in another account of a company he is a member, and he withdrew funds from that account; and (5) add a count of piercing the corporate veil as to EB Cellular. The Court granted in part and denied in part the Motion to File First Amended Complaint. The Court allowed Plaintiff to: (a) add EB Cellular as a party; (b) assert claims against EB Cellular; and (c) clarify the conversion claims against Moret. The Court prohibited Plaintiff from filing any conversion claims against Bajoka or adding any other allegations against Bajoka that did not appear in the original Complaint.

Defendant Bajoka filed a Motion for Rule 11 Sanctions [Dkt. No. 43] as a result of the Motion to File First Amended Complaint. Bajoka argued that Plaintiff filed its Motion to File First Amended Complaint: (a) without conducting reasonable inquiry into its allegations; and (b) for the improper purpose of harassing Defendant Bajoka and tarnishing his professional reputation as an attorney. The Motion for Rule 11 Sanctions was fully briefed, and a hearing was held on August 15, 2018. For the reasons that follow, the Court denies Bajoka's Motion for Sanctions.

## II. BACKGROUND

This case stems from an agreement between Plaintiff and EB Wireless. At some point prior to December 2016, EB Wireless was owned by Moret and Bajoka. Bajoka was the incorporator for EB Wireless, as well as the President, but he "disassociated with EB Wireless" in December 2016, at which time Moret became the sole owner and officer of EB Wireless. On March 11, 2017, Plaintiff and EB Wireless entered into an agreement, pursuant to which Plaintiff would pay $110,550.00 to EB Wireless, and EB Wireless would ship to Plaintiff's place of business 8,844 used LG L22C TracPhone A/B stock, with no cracked lenses and including the battery and back door ("Products"). Plaintiff paid a total of $110,550.00 to EB Wireless in two payments ($49,500.00 on March 16, 2017 and $61,050.00 on March 20, 2017), but EB Wireless did not provide the Products to Plaintiff.

The $110,550.00 paid by Plaintiff to EB Wireless was deposited into a Comerica Bank account, Number xxx3324, which was held by EB Cellular, not EB Wireless (the "EB Cellular Account"). Bajoka was the organizer and resident agent for EB Cellular, a company with the same address as EB Wireless. Plaintiff alleges that Bajoka and Moret withdrew funds from the EB Cellular Account, as follows: (1) Bajoka withdrew $15,000.00 on April 19, 2017; and (2) Moret withdrew $13,000.00 on April 3, 2017, $5,000.00 on April 5, 2017, $12,500.00 on April 11, 2017,

$10,400.00 on April 12, 2017, and $35,000.00 on July 6, 2017.

Bajoka represented Moret's father, also named Rodney Moret (hereinafter "Moret's Father"), in a criminal matter. In its Motion to File First Amended Complaint, Plaintiff detailed Moret's Father's convictions pursuant to guilty pleas for criminal sexual conduct, health care fraud and distributing controlled substances, including being ordered to pay $2,581,128.53 in restitution to the Medicare Trust fund. Plaintiff alleged that Moret's Father transferred $282,000 from a bank in the Dominican Republic – Banco Popular Dominicano Account Number xxx2434 ("Account No. 2434") – to the EB Cellular Account in the course of five transactions between November 15, 2016 and February 17, 2017, a period of time when Moret and Bajoka allegedly were withdrawing funds from the EB Cellular Account for their own purposes.

### III. APPLICABLE LAW & ANALYSIS

Bajoka asserts that Plaintiff's amendments related to the statutory and common law conversion claims against Bajoka in the proposed First Amended Complaint include many allegations that are irrelevant, scandalous, harassing, and serve no purpose other than to tarnish Bajoka's reputation as an attorney (specifically, those allegations related to Moret's Father). Defendants argue that Plaintiff's "reckless allegations . . . improperly insinuate that . . . Bajoka either wrongfully transferred

money to the EB Cellular Account paid to . . . Bajoka by [Moret's Father] for legal services on behalf of [Moret's Father]; or even worse, . . . that . . . Bajoka aided [Father] Moret in hiding money from the U.S. Government that should have been paid as restitution for [Moret's Father's] criminal convictions." Defendants contend that Plaintiff failed to establish a causal link between Bajoka's representations of Moret's Father, the order to pay restitution, and deposits from Moret's account to the EB Cellular Account.

Defendants assert that the allegations that Moret's Father deposited funds in the EB Cellular account are misplaced because Plaintiff failed to conduct a proper inquiry that would have revealed that "Sr. Rodney Moret" does not refer to Moret's Father. According to Defendants, "Sr. Rodney Moret" is Spanish (the primary language spoken in the Dominican Republic) and means "Senor Rodney Moret" and refers to Moret, not Moret's Father. In support of their argument that Plaintiff was making bad faith allegations, Defendants cite numerous statements by Plaintiff's owner (collectively, "Plaintiff's statements regarding reputation"), including the following:

- A. "Today i sent to you my guy to your office in Michigan," "And he will comes next Monday to your office to meet you," (message accompanied by a photograph of Mr. Bajoka's business card).

- B. "You don't care about your Reputation? It's Your Most Valuable Asset."

5

> C. I swear to god [. . .] We are going to posting about Edward bajoka and Bajoka Law Group [. . .] And your reputation I will spoil it in everywhere [. . .] I Will send to All email addresses And I will posting and share in.
>
> -Facebook pages
> -Linkendin groups
> -Linkedin Friends and more 1191 followers
> -Twitter pages @bajokalaw @eddiebajoka -Bajokalaw.Blogspot.com
>
> [. . .]
>
> To : Chief Justice [. . .]
> And i will not stop and i will showing to all the people in USA [. . .]
> And If we don't receive response during one week, that's mean you don't care about your reputation I swear I will spoil it in everywhere [. . .] I am telling you solve it amicably. We don't spoil your reputation and your business.

[Dkt. No. 21, Ex. 2 (WhatsApp Correspondence), Ex. 3 (WhatsApp Correspondence), and Ex. 4 (Text Messages)] Defendants believe the Plaintiff's statements regarding reputation constituted threats to Bajoka's safety and professional reputation if Defendants did not resolve this matter to Plaintiff's satisfaction.

Plaintiff argues that EB Cellular was used as a sham for Bajoka and Moret, particularly as Defendants have not explained why Moret's Father (Plaintiff asserts that "Sr. Rodney Moret" is Moret's Father) deposited funds in the EB Cellular Account. Plaintiff contends that Defendants' statements that Moret deposited funds into the EB Cellular Account are misleading. Plaintiff acknowledges that Moret may have deposited some funds from a Banco Popular Domincano account into the EB

Cellular Account, but Plaintiff contends such funds were not from Account No. xxx 2434, the origin of the $282,000.00 in deposits about which Plaintiff bases his allegations in the proposed First Amended Complaint.

Plaintiff further argues that Bajoka (or any Defendant) could have provided documentation regarding Banco Popular Dominicano accounts held by Moret, as Plaintiff requested. Plaintiff asserts that Moret has refused to produce his bank records from Banco Popular Dominicano and instead prepared an affidavit dated June 2, 2018. [Dkt. No. 21, Ex. 6] Plaintiff notes that Moret's June 2, 2018 affidavit: (a) does not include a representation that the $282,000.00 in funds was from Moret (rather than from Moret's Father); and (b) none of the Defendants makes such a representation in any brief filed with respect to the Motion to File First Amended Complaint or the Motion for Rule 11 Sanctions.

For the reasons set forth above, (1) Bajoka argues that he is entitled to Rule 11 sanctions against Plaintiff for filing the Motion to File First Amended Complaint; and (2) Plaintiff asserts that Bajoka is not entitled to Rule 11 sanctions. For the reasons that follow, the Motion for Rule 11 Sanctions is denied.

The Sixth Circuit has stated, "Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir.

2014). Under Rule 11:

> By presenting to the court a … motion, or any other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > 1. it is not being presented for any improper purpose, such as to harass . . .
> >
> > * * * * *
> >
> > 3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b) (emphasis added); *see also Vickery v. Caruso*, No. 07-13419, 2008 WL 4058662, at *2 (E.D. Mich. Aug. 28, 2008). Rule 11 prevents wasteful, false filings by "requir[ing] litigants to 'stop-and-think' before initially making legal or factual contentions." *See* Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Revision). Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a possible violation is called to their attention." *Id.* (emphasis added); *see also Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) ("The amended rule imposes on litigants a continuing duty of candor, and a litigant may be sanctioned for continuing to insist upon a position that is no longer tenable.") (quotation and citations omitted). "[T]he central purpose of Rule 11 is to deter baseless filings in district

court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

In his Motion for Rule 11 Sanctions, Bajoka argues that Plaintiff's "reckless allegations . . . improperly insinuate that . . . Bajoka either wrongfully transferred money to the EB Cellular Account paid to . . . Bajoka by [Moret's Father] for legal services on behalf of [Moret's Father]; or even worse, . . . that . . . Bajoka aided [Father] Moret in hiding money from the U.S. Government that should have been paid as restitution for [Moret's Father's] criminal convictions."

The Court rejects Defendant's contentions that Plaintiff filed a motion to amend its complaint for an improper purpose or without conducting reasonable inquiry into its allegations regarding conversion or Bajoka's role regarding funds transferred to the EB Cellular Account. First, it is an undisputed fact that Bajoka represented Moret's Father and that Moret's Father paid Bajoka for legal services provided to Moret's Father. Second, even if Plaintiff is erroneous in its belief that "Sr. Rodney Moret" meant Moret's Father (as opposed to Defendants' claim that it was Spanish for "Senor Rodney Moret"), it is clear that Plaintiff had a basis for its argument. Third, Plaintiff requested bank account information from Moret regarding the Dominican Republic account from which the funds deposited into the EB Cellular Account originated. That information was not provided. If that information had been provided, it likely would have clarified this issue for Plaintiff. The only factor weighing in favor of

finding an improper purpose or an intent to harass or tarnish the reputation of Bajoka are Plaintiff's statements regarding reputation, but these statements do not establish that the allegations are inaccurate.

The Court: (a) concludes that Plaintiff conducted a reasonable inquiry into the truth of its factual allegations; (b) finds that there is no evidence that Plaintiff insisted upon a position after it was determined to be no longer tenable; and (c) finds that it is not evident that there was an improper purpose or intent to harass or tarnish the reputation of Bajoka when filing the Motion to File First Amended Complaint. The Court denies Bajoka's Motion for Rule 11 Sanctions.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court DENIES Bajoka's Motion for Rule 11 Sanctions.

IT IS ORDERED.

Dated: October 31, 2018

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager